STATE OF NEBRASKA, APPELLEE, V. DENNIS R. JURGENS, APPELLANT.

454 N.W.2d 280

Filed April 20, 1990.   No. 88-980.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

This is a rehearing of an issue which was not addressed in *State v. One 1987 Toyota Pickup*, 233 Neb. 670, 447 N.W.2d 243 (1989). We remand for further factual findings.

In *State v. One 1987 Toyota Pickup, supra*, we held that a "check stop selective," conducted by the Nebraska State Patrol on October 23, 1987, violated Jurgens' fourth amendment rights because the State Patrol acted with unconstrained discretion in establishing and conducting a check stop selective which detained Jurgens and a codefendant who were traveling in Jurgens' pickup. Jurgens was arrested and his pickup was impounded after troopers observed marijuana in the pickup. That afternoon, Troopers Gill and Chrans obtained a search warrant for the pickup based upon their observations earlier that day. A search of the vehicle uncovered large quantities of

marijuana and various instruments used in cultivating marijuana.

That same day, Nebraska State Patrol Investigator Dishong obtained a search warrant for Jurgens' farm, where he had been investigating marijuana cultivation since July 1987. On several occasions Investigator Dishong made surreptitious inspections of the premises, finding marijuana in various stages of cultivation. The affidavit used to obtain this search warrant detailed his extensive investigations and observations of marijuana cultivation on the Jurgens farm. It also included a one-paragraph reference to the results of the vehicle search conducted earlier that day. A search warrant was issued, and a subsequent search of the farm uncovered large quantities of marijuana and equipment used to produce marijuana.

We held that the trial court did not err in admitting evidence obtained from the search of Jurgens' real property because the facts contained in the affidavit were obtained from a source independent of the illegal stop, and even if the reference in the affidavit to the search of Jurgens' vehicle is disregarded, the affidavit contained sufficient independent facts which would have justified the issuance of the affidavit. We upheld Jurgens' convictions because the evidence obtained from the search of the farm provided an ample basis to support his convictions for unlawful manufacture and distribution of a controlled substance and possession of marijuana weighing more than 1 pound.

After our decision was announced, Jurgens moved for a rehearing, citing for the first time *Murray v. United States,* 487 U.S. 533, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988). We sustained the motion and ordered that the parties brief whether *Murray* has an effect on the present case; whether *Murray* is retroactive; and, if these issues are answered in the affirmative, whether questions of fact are raised that require remand to the trial court for further findings of fact.

In *Murray v. United States*, federal law enforcement agents, who had Murray and a codefendant under surveillance, observed Murray and a codefendant drive two vehicles into a warehouse. When Murray and the codefendant drove the vehicles out a short time later, the agents observed a

tractor-trailer rig within the warehouse. The vehicles were followed, and the drivers were ultimately arrested. In a lawful search, both vehicles were found to contain marijuana. Several agents then returned to the warehouse and entered it. The warehouse was unoccupied. Once inside, the agents observed bales of marijuana. They left without disturbing the bales and obtained a search warrant. In applying for the warrant, the agents did not mention the prior entry and did not rely on any observations made during that entry. A search warrant was issued, and the agents reentered the warehouse, seizing 270 bales of marijuana.

In its opinion, the Court discussed the scope of the "independent source" rule, indicating that the rule would not apply and the evidence should be suppressed when a subsequent search was prompted by an earlier illegal search:

> The ultimate question, therefore, is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue here. This would not have been the case if the agents' decision to seek the warrant was prompted by what they had seen during the initial entry, or if information obtained during that entry was presented to the Magistrate and affected his decision to issue the warrant.

487 U.S. at 542.

The Court indicated in a footnote to the opinion that the critical question is "whether the actual illegal search had any effect in producing the warrant . . . ." 487 U.S. at 542 n.3. The Court remanded to the trial court for further factual findings.

With regard to the retroactivity issue, in *United States v. Johnson*, 457 U.S. 537, 102 S. Ct. 2579, 73 L. Ed. 2d 202 (1982), the Court stated that, subject to certain exceptions or threshold tests, "a decision of this Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered." 457 U.S. at 562. Of the three exceptions listed by the Court, only one is applicable to the present case:

> First, when a decision of this Court merely has applied settled precedents to new and different factual situations, no real question has arisen as to whether the later decision

should apply retrospectively. In such cases, it has been a foregone conclusion that the rule of the later case applies in earlier cases, because the later decision has not in fact altered that rule in any material way. [Citations omitted.]

457 U.S. at 549.

This exception, or more appropriately threshold test, indicates that when a decision of the U.S. Supreme Court did nothing more than apply settled precedent to different factual settings, a true retroactivity issue is not presented because the new decision is merely an interpretation of existing precedent.

We believe that *Murray v. United States,* 487 U.S. 533, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988), has application to the present case. Evidence was presented at the suppression hearing and at trial suggesting that Investigator Dishong's investigation of the Jurgens farm had terminated several days prior to the illegal check stop selective conducted by the Nebraska State Patrol. The evidence also suggests that Investigator Dishong was "prompted" to reopen the investigation and seek a search warrant when he was notified that Jurgens was arrested and marijuana was found in his pickup. We further believe *Murray* concerns the scope of the independent source doctrine as developed in earlier cases, see, e.g., *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S. Ct. 182, 64 L. Ed. 319 (1920); *Nix v. Williams,* 467 U.S. 431, 104 S. Ct. 2501, 81 L. Ed. 2d 377 (1984); and *Segura v. United States,* 468 U.S. 796, 104 S. Ct. 3380, 82 L. Ed. 2d 599 (1984), and is merely an interpretation of existing precedent. Therefore, *Murray* should be applied in the present case.

We find that the record before this court does not provide an adequate basis to resolve the issue. Further findings of fact must be made by the trial court. Accordingly, the cause is remanded with instructions that the trial court consider generally whether the warrant obtained by Investigator Dishong was derived from a source independent of the prior illegal stop, and specifically whether Investigator Dishong would have sought the warrant had the State Patrol not conducted the illegal check stop selective.

REMANDED WITH DIRECTIONS.