STATE OF NEBRASKA, APPELLEE, V. DENNIS R. JURGENS, APPELLANT.
462 N.W.2d 862

Filed November 16, 1990.   No. 88-980.

Kirk E. Naylor, Jr., for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Pursuant to our directions in *State v. Jurgens*, 235 Neb. 103, 454 N.W.2d 280 (1990), the district court for Pawnee County has made findings as follows: (1) The warrant obtained by Investigator Dishong was derived from a source independent of the prior illegal stop, and (2) Investigator Dishong would not have obtained the warrant had the Nebraska State Patrol not conducted the illegal "check stop selective."

This court found in *State v. Jurgens, supra*, that the agent's decision to seek the warrant was prompted by the illegal stop and that if no source independent of the illegal stop existed to justify the issuance of the search warrant, then the fruits of that search must be suppressed. See *Murray v. United States*, 487 U.S. 533, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988).

It follows that the convictions of appellant Jurgens must be reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.